24-1747-pr
*Josey v. Bell, et al.,*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand twenty-five.

PRESENT:
> AMALYA L. KEARSE,
> DENNIS JACOBS,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

DEREK JOSEY,

> *Plaintiff-Appellant,*

> v.                                                             No. 24-1747-pr

CORRECTIONAL OFFICER BELL, CLINTON CORRECTIONAL FACILITY, CORRECTIONAL OFFICER TUCKER, CLINTON CORRECTIONAL FACILITY, SGT. JOHN DOE, CLINTON CORRECTIONAL FACILITY,

> *Defendants-Appellees,*

SUPERINTENDENT BELL, SUPERINTENDENT OF
CLINTON CORRECTIONAL FACILITY,

*Defendant.**

---

FOR PLAINTIFF-APPELLANT:

AARON M. GOLDSMITH, Law Office of Aaron M. Goldsmith, PC, New York, NY.

FOR DEFENDANTS-APPELLEES:

PATRICK A. WOODS (Barbara D. Underwood and Andrea Oser, *on the brief*) Assistant Solicitor General of Counsel, Solicitor General, and Deputy Solicitor General *for* Letitia James, Attorney General, State of New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Ch. J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on June 13, 2024 is **AFFIRMED**.

Plaintiff-Appellant Derek Josey ("Josey") was transferred to the Clinton Correctional Facility in December of 2017 and was in the custody of the New York State Department of Corrections and Community Supervision ("DCCS") during all relevant time periods. Josey alleges that, for a period between May 16 and June 5, 2018, Defendants-Appellees DCCS Officers Dustin Bell and Jeremy Tucker as well as a Sergeant

---

* The Clerk of Court is respectfully directed to amend the case caption as indicated above.

John Doe improperly denied him access to religious services and activities during Ramadan. Josey alleges that he filed two grievances regarding this denial, but that he received no response until he wrote to the DCCS central grievance office and was informed there were no records of such complaints. In their answer to Josey's federal court complaint under 42 U.S.C. § 1983, Defendants-Appellees asserted Josey's failure to exhaust his administrative remedies as an affirmative defense. Following an evidentiary hearing on the exhaustion issue, the district court granted Defendants-Appellees' motion for summary judgment. The district court did not credit Josey's testimony that he exhausted his administrative remedies by filing the grievances. Josey now argues that the district court erred in granting summary judgment and should have excused his failure to exhaust administrative remedies because the grievance process was unavailable to him. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

We review a district court's grant of summary judgment *de novo*. *Banks v. Gen. Motors, LLC*, 81 F.4th 242, 258 (2d Cir. 2023). We review the district court's findings of fact for clear error where, as here, the evidentiary hearing on the exhaustion issue "was the functional equivalent of a bench trial." *Clark v. Hanley*, 89 F.4th 78, 93, 104 (2d Cir. 2023); *see also Ceraso v. Motiva Enters.*, 326 F.3d 303, 316 (2d Cir. 2003) ("In reviewing findings for clear error, we are not allowed to second-guess either the trial court's

3

credibility assessments or its choice between permissible competing inferences."). Summary judgment is proper only if no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Prison Litigation Reform Act provides that incarcerated persons must exhaust available administrative procedures prior to suing under federal law. 42 U.S.C. § 1997e(a). Unexhausted claims may not be brought in court. *Jones v. Bock*, 549 U.S. 199, 211 (2007). The sole "textual exception" to mandatory exhaustion is for the actual unavailability of administrative remedies. *Ross v. Blake*, 578 U.S. 632, 642 (2016). An administrative remedy is unavailable when: 1) "it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; 2) it is "so opaque that it becomes, practically speaking, incapable of use"; or, as Josey argues, 3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643-44. Where, as here, defendants establish that a grievance process exists and applies, Josey bears the burden to demonstrate that the process was unavailable to him as a matter of fact. *Hubbs v. Suffolk Cnty. Sheriff's Dept.*, 788 F.3d 54, 59 (2d Cir. 2015).

The district court did not clearly err in not crediting Josey's testimony that he filed two grievances related to his claim of denial of access to religious services. *See* Fed. R. Civ. P. 52(a)(6) ("[T]he reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility."). Where the district court's findings are

4

premised on credibility determinations, "we grant particularly strong deference to those findings." *United States v. Mendez*, 315 F.3d 132, 135 (2d Cir. 2002). Although Josey testified that he had filed May 24, 2018 and June 5, 2018 grievances by placing them in the locked mailbox at the Clinton facility, the district court found that testimony not credible. The court credited testimony from Clinton officers or administrators as to how such prisoner mailings are handled, and it noted evidence that other Josey complaints were received by the grievance review committee. The court found that Josey had not filed the claimed May 24 and June 5 grievances, given the evidence that "he did file three grievances later in June that ma[d]e no mention of his Ramadan claims or the fact that he had grievances that were not being acted upon." *App'x* at 307. The court added that its view would not be changed by the existence of carbon copies because "carbon copies could really be created at any time." *Id.* at 308. Josey also failed to establish that the designated administrative remedies were otherwise unavailable to him.

We reject Josey's claim that he should not be required to exhaust his administrative remedies because Ramadan had ended by the time he learned there was no record of his grievances. Ramadan is an annual holiday, and Josey could have sought affirmative future guarantees of his ability to observe it through the grievance process. *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(b)(3)(ii) (contemplating institutional policy changes as remedies). Josey's federal court complaint seeks monetary damages that are independent of Ramadan's timing. Even where a petitioner seeks only money damages

5

and the grievance process does not provide for them, the Supreme Court has required administrative exhaustion because the grievance tribunal had the authority to take responsive action. *Booth v. Churner*, 532 U.S. 731, 741 (2001) (the exhaustion requirement applies "regardless of the relief offered through administrative procedures"). The grievance tribunals in New York are authorized to grant remedies beyond money damages. *See* N.Y. Comp. Codes R. & Regs. tit. 7, §§ 701.5(a)(2), (b)(3)(ii). As such, even if Josey sought only monetary relief after Ramadan concluded, he was still required to have exhausted his administrative remedies.

*      *      *

We have considered all of Josey's contentions on this appeal and have found them to be without merit. For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6